IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PIERRE HAMILTON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 2:16-cv-993
CRIM. NO. 2:14-cr-217(2)

JUDGE MICHAEL H. WATSON
Magistrate Judge Kemp

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. The case is before the Court on the motion (Doc. 514) and the United States' response (Doc. 545). Petitioner also filed a motion for leave to proceed *in forma pauperis* (Doc. 515) which is **DENIED** because there is no filing fee for a motion brought under §2255, and a motion to appoint counsel (Doc. 516), which is also **DENIED.** For the following reasons, it will be recommended that the motion to vacate be **DENIED**.

### I. Facts and Procedural History

On October 16, 2014, the grand jury indicted Petitioner and six other individuals, charging them with conspiracy to possess more than five hundred grams of cocaine with the intent to distribute it (Doc. 13). Petitioner was arraigned on October 31, 2014 and pleaded not guilty. The case was set for trial on December 22, 2014. After a continuance of the trial and the filing of a superseding indictment, Petitioner changed his plea to guilty. His plea was accepted and on June 18, 2015, Judge Watson sentenced Petitioner to a total of 90 months of imprisonment. That sentence is reflected in the

judgment and commitment order filed the same day. (Doc. 311). Petitioner did not appeal.

On October 17, 2016, Petitioner filed his motion to vacate. He asserts a single ground for relief, which he has stated in this way:

> **Ground One:** Petitioner is seeking whether the newly U.S.S.G. 794 clarifying amendment enacted Nov. 1, 2015 is applicable to his sentencing.

These are the supporting facts he alleges (repeated in exactly his words):

> Petitioner asserts during the sentencing phase of the proceeding the District Court never made an assessment of my role or participation in the overall conspiracy. Thus, petitioner was never enhanced under any the leadership or supervisor role in the offense, plus petitioner never know about the scope of the other participants, he was basically in a buyer and seller relationship.
>
> Petitioner asserts, therefore now under this new amendment facators to 3B1.2, petitioners partication would fall under the creteria to be eligible for the minor role reduction.

The United States makes a twofold response: first, that this claim was not raised on appeal and is therefore procedurally defaulted, *see, e.g., United States v. Frady*, 456 U.S. 152 (1982), and, second, that there is no evidence in the record which would support an adjustment for a minor role in the offense. Petitioner has not replied to either of these arguments.

## II. Discussion

The Court's discussion of the issue raised in Petitioner's motion begins and ends with an analysis of the amendment to the sentencing guideline on which Petitioner relies. The guideline in question, U.S.S.G. §3B1.2, deals with adjustments to the base

offense level, and permits a four-level reduction if the defendant was a minimal participant; a two-level reduction if the defendant was a minor participant; and a three-level reduction if the defendant's level of culpability fell between those two. The guideline itself was not amended in 2015, but the application note was. It now contains a non-exhaustive list of factors to be used in deciding if a defendant played a minimal or minor role in the offense, gives an example of a lesser role ("simply being paid to perform certain tasks"), and provides that performing an essential or indispensable role is not determinative if the defendant is "substantially less culpable than the average participant in the criminal activity."

Because the amendment to the commentary became effective on November 1, 2015, it was not applied in Petitioner's case. The Court of Appeals has held that the amendment is to be applied on direct review of a conviction. *See United States v. Carter*, 2016 WL 5682707 (6th Cir. Oct. 3, 2016). However, a §2255 motion is not part of the direct review process, but is a collateral proceeding.

This Court has held that Amendment 794 does not apply in the context of collateral review. *Johnson v. United States*, 2016 WL 6084018 (S.D. Ohio Oct. 17, 2016). Other District Courts within the Sixth Circuit agree. *See United States v. Miracle*, 2017 WL 627442 (E.D. Tenn. Feb. 15, 2017); *Morgan v. United States*, 2017 WL 990793 (E.D. Mich. Jan. 31, 2017); *Moorer v. United States*, 2016 WL 7012324 (N.D. Ohio Dec. 1, 2016). That appears to be the consensus of other District Courts as well. *See, e.g., United States v. Carvajal*, 2017 WL 1155441, *2 (M.D. Fla. March 28, 2017), citing, *inter alia, United States v. Harlie*, 2017 WL 78576 (S.D. Ga. Jan. 9, 2017); *United States v. Germany*, 2016 WL

3

6780213 (D. Md. Nov. 16, 2016). The Court's research has not located any contrary authority. Most, if not all, of these decisions rely on the fact that "Amendment 794 is not among the listed Guideline Amendments that the Commission has made retroactively applicable to defendants on collateral review. " *United States v. Germany, supra,* at *1, citing *United States v. Hunley*, 2016 WL 4523417, *1-2 (W. D. Va. 2016). That rationale was applied in this Court's *Johnson* decision as well.

Petitioner asks in his motion if he is entitled to a sentence reduction (or even consideration of a sentence reduction) under Amendment 794. The answer is no. Consequently, it is recommended that his motion to vacate be denied.

### III. Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that the motion to vacate sentence (Doc.36 ) be **DENIED** and that this action be **DISMISSED**.

### IV. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the

4

findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s Terence P. Kemp<br>United States Magistrate Judge